## THOMAS CRAIG v. NELLA SOMERS.

1. The judgment certified was rendered in the District Court of the city of Trenton. The case was tried before William S. Yard, one of the judges of the Court of Common Pleas of the county of Mercer, who is authorized to hold the District Court when he is assigned by a justice of the Supreme Court to do so. No objection was made on the trial below to the right of Judge Yard to preside, and there is nothing in the record before this court to show whether he was duly empowered to act. Under our statute the Common Pleas judge is designated to hold the District Court for the time being and not to try any particular cause. His appointment, therefore, is no part of the record in this case, and the presumption will be, in the absence of evidence to the contrary, that he was duly qualified to act.

2. The relator had a right to challenge in the court below, and upon such challenge being interposed it should have been sustained unless the judge could produce his authority to preside in the court.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the plaintiff, *John Caminade.*

For the defendant, *William M. Jamieson* and *Carroll Robbins.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This action was brought in the District Court of the city of Trenton to recover damages for breach of contract for the sale or exchange of lands.

Somers, the plaintiff below, recovered a judgment, which is certified into this court for review.

The reason mainly relied upon for reversal is that Chauncy H. Beasley, being the judge of said District Court, said court was not held by him, but was held and said cause was tried by William S. Yard, one of the judges of the Court of Common Pleas of the county of Mercer, and that said Yard was not designated to hold said court by writing signed by said Chauncy H. Beasley, and approved by the judge holding the Circuit Court in and for the county of Mercer, and that therefore the trial court had no jurisdiction.

The District Court of the city of Trenton is a statutory court, deriving its authority from the act constituting District Courts in certain cities of this state.    Section 165 of said act, after the providing for the making of rules for the said court by the judge thereof, to be approved by the justice of the Supreme Court who shall hold the Circuit Court in and for the county wherein said court may be established, provides as follows, to wit: "And in case of the sickness or unavoidable absence of the judge of any District Court, the same may be held by one of the judges of the Court of Common Pleas, to be designated by the judge so sick or absent, and approved by the aforesaid justice of the Supreme Court."

No objection was taken in the trial court to the right of Judge Yard to hold the said District Court, and there is nothing in the record produced before this court to show whether or not he was duly qualified and empowered to act as substituted judge.

In *Russell* v. *Work*, 6 *Vroom* 316, it was held that the court for the trial of small causes is not an inferior court, or a special statutory tribunal, in the sense that its judgments can be called in question in a collateral proceeding, or that every circumstance necessary to constitute its jurisdiction must be made affirmatively to appear.

The same rule must apply to District Courts.

In the Quarter Sessions the maxim applies that all things will be presumed to be rightly done, and that led this court, in the recent case of The State *v.* Engeman, to hold that when the law judge of the Sessions was temporarily away, he would be presumed to be away by reason of inability to attend, and to be absent in the statutory sense.

In *Harper* v. *Jacobs*, 51 *Mo.* 299, the substituted judge failed to take the oath necessary to qualify him to act, but as that point was not started as an objection before him, the court above refused to entertain it.

The Missouri statute provides for a number of instances in which a judge may be substituted.

In *The State* v. *Hosmer*, 85 *Mo.* 553, the record failed to show the fact which disqualified the judge of the trial court, and the case having been twice before a substituted judge, the Missouri court held that the record need not recite the disabling facts.

In *Re Newman*, 75 *Cal.* 213, it was declared that it must be presumed that a judge of a superior court of a particular county, who holds court in another county, is acting upon the request of the governor or of the judge of the court of the latter county, in the absence of evidence to the contrary.

The cases relied upon by the relator do not support his case.

In *Herbster* v. *State*, 80 *Ind.* 484, the objection was taken in the trial court, and the failure to make a legal substitution was shown. In the Supreme Court, the judge who pronounced the opinion expressly stated that he did not decide under what circumstances a proper appointment and qualifi-

cation would be presumed, as it appeared affirmatively that the substituted judge was not legally appointed.

In *Muscatine* v. *Steck*, 7 *Iowa* 505, the objection that the substituted judge was without authority was taken on the trial before him and overruled.

*Burlington University* v. *Executors of Stewart*, 12 *Iowa* 442, was also correctly decided, the code of Iowa providing that the record must show why there was a substituted judge.

The statute in Wisconsin provides that in the absence, sickness or other inability of the municipal court, any justice of the peace of the county shall have jurisdiction to try the same class of cases.

In *Klaise* v. *The State*, 27 *Wis.* 462, the municipal judge wrote on the back of the complaint made to him in the cause, " I hereby decline to act in this case," assigning no reason for such refusal. Thereupon the same complaint was presented to a justice of the peace, who tried the case.

The case was taken to the Supreme Court and there the objection to jurisdiction was first taken. The endorsement of the municipal judge on the complaint was before the Supreme Court, and that court held that he had acted arbitrarily and that the justice had no jurisdiction.

The case cited from 64 *Penna. St.* 33 was an application by two judges to assign other judges to act for them on account of their inability. The only question was, whether, under the statutes, there was power to direct substitution. The Supreme Court decided that question in the affirmative, and said that a certificate ought to be filed as evidence of the authority of the substituted judges to act.

Under our statute the Common Pleas judge is designated to hold the District Court for the time being and not to ·try any specified case. His appointment, therefore, is no part of the record of any particular cause which may be tried before him, and from the fact that it does not appear in the record of the case certified into this court, the inference cannot be drawn that he was not duly authorized in accordance with the statute. The relator had a right to challenge, in the court be-

low, the authority of Judge Yard to try the cause, and upon such challenge being interposed it should have been sustained, unless the judge could produce authority to preside in the court.

Upon the record before us there is nothing to show a want of authority, and therefore it must be presumed that the court was duly constituted.

The objection to the state of demand is not well taken. It was not necessary to aver that the contract was in writing; the plaintiff was entitled to recover if he proved a valid contract.

The judgment below should be affirmed, with costs.