JOHN F. McNAMARA v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY.

1. Whenever delay in entering a judgment is caused by the action of the court, judgment *nunc pro tunc* will be allowed as of the time when the party would otherwise have been entitled to it, if justice requires it.

2. By Supreme Court Rule 40, whenever a rule to show cause for a new trial shall be discharged, the party entitled to judgment shall be allowed to enter judgment final *nunc pro tunc* as of the time when judgment *nisi* was taken; the execution shall be endorsed to the effect that interest shall be recovered as of the date of the judgment *nisi;* but the date of the actual entry of the rule for final judgment shall be expressed therein.

3. Judgment entered *nunc pro tunc* as of a prior day will not be a lien on lands as of that time. Judgments become a lien upon lands only from the time of the actual entry of the judgment, and the date of such actual entry should be stated in the minutes.

4. If execution be issued on a judgment *nunc pro tunc*, the command of the writ will be to levy on the lands, tenements and hereditaments whereof the defendant was seized at the time of the actual entry of the judgment.

5. A judgment creates no lien on goods and chattels. Goods and chattels can be reached only by an execution, and the execution will not bind goods and chattels but from the time the writ is delivered to the officer to be executed.

6. The proper practice under rule 40 is to enter judgment *nisi* on the coming in of the *postea*, although the trial judge has previously granted a rule to show cause.

On motion for judgment *nunc pro tunc.*

Argued at June Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the rule, *Collins & Corbin.*

Contra, *Cortlandt & R. Wayne Parker.*

The opinion of the court was delivered by

DEPUE, J.   This was an action of tort, to recover damages for personal injuries caused by negligence in operating the

defendant's railroad. The case was tried at the Hudson Circuit and resulted in a verdict for the plaintiff. The verdict was rendered January 6th, 1893, and on the 16th of January the judge who tried the case granted a rule to show cause why the verdict should not be set aside. In the regular course of proceeding the *postea* would have been filed and judgment entered thereon at the term of February, 1893. Entry of final judgment was suspended by the rule to show cause. The argument on the rule to show cause was brought on at June Term, 1893, and by the decision of the court at November Term, 1893, the rule was discharged. After the argument of the rule to show cause, and before the same was decided, the defendant was declared to be an insolvent corporation by a decree of the United States Circuit Court, and a receiver appointed.

Application is now made for leave to enter judgment *nunc pro tunc* as of the term of February, 1893.

By the common law practice, judgment *nunc pro tunc* could not be entered without special leave of the court, and it is undoubtedly true that, usually, the occasion for entering such a judgment was where the death of one of the parties has occurred pending the proceedings. *Erie Railway Co.* v. *Ackerson,* 4 *Vroom* 33. But it by no means follows that, even under the common practice, the granting of leave to enter such a judgment should be confined to cases where the death of one of the parties has intervened. The principle on which this practice rested and which controlled the court in granting leave is, as was stated by the court in *Craven* v. *Hanley, Barnes* 255, that the party must not suffer by the court's taking time to consider. In *Den* v. *Tomlin,* 3 *Harr.* 14, Mr. Justice Dayton stated the principle in these words: "It is a rule of practice as well as of common justice, that the action of the court shall not be permitted to work an injury to the party." In *Hess* v. *Cole,* 3 *Zab.* 116, 125, this court held that when a delay in giving judgment, caused by the court, affects the rights of the parties, the court, when necessary to effect justice, will order the judgment to be entered

*nunc pro tunc* as of the term when the matter was submitted to them. From the earliest times it has been the practice to allow judgments to be entered *nunc pro tunc* whenever the interest of justice so requires, and the delay in entering judgment has been due to the action of the court, saving the rights of third parties which have intervened. *Freem. Judg.,* ch. III., §§ 56, 58.

The rights of third parties are adequately protected in this state by statute. By the second section of the act concerning judgments, a judgment is not a lien upon lands but from the time of actual entry of such judgment on the minutes or records of the court. *Rev., p.* 520. And the date of actual entry of judgment must be stated in the minutes. *Patterson* v. *Loughridge,* 17 *Vroom* 139. Our practice in this respect conforms to the practice of the English courts, under the statute of 4 and 5 *W. & M., c.* 20, § 13; and when leave is given to enter judgment *nunc pro tunc,* it is ordered that it be docketed as of the time when the judgment is actually entered. 2 *Tidd* 948. Nor does the judgment, when entered, whatever relation it may have, affect the goods and chattels of the defendant. Goods and chattels can be reached only by execution, and by statute execution does not bind goods and chattels but from the time the writ is delivered to the officer to be executed. *Rev., p.* 392, § 18.

The plaintiff would have had his judgment in the regular course of practice before the receiver was appointed, if there had been no delay incident to the granting and the hearing of the rule to show cause. The verdict he recovered has been sustained. Judgment entered at this time as of a prior day cannot, under the statutes referred to, have relation as a lien upon the defendant's property prior to the date of actual entry; and if execution be issued thereon, the command of the writ will be to levy upon the lands, tenements and hereditaments whereof the defendant was seized at the time of the actual entry of the judgment. The defendant's property is in the hands of the receiver and under the control of the federal court. We think that if the plaintiff will derive

any benefit in the administration of the affairs of the company by having his judgment *nunc pro tunc*, he is entitled to that advantage. Collection of interest from the date of judgment *nisi* by an endorsement on the execution would, in this case, be impracticable. An execution, if issued, would be of no avail against the defendant's property.

Thus far, this application has been considered as if it depended exclusively on the common law practice. But, after the decision in Erie Railway Co. *v.* Ackerson, this court adopted rule 40, which provides that "Whenever a rule to show cause why the verdict of a jury should not be set aside and a new trial granted shall be allowed, if the rule to show cause shall afterwards be discharged, the party entitled to judgment shall be allowed to enter judgment final *nunc pro tunc* as of the time when judgment *nisi* was taken, and the execution thereon shall be endorsed to the effect that interest thereon shall be recovered as from the date of the judgment *nisi*, but the date of the actual entry of the rule for final judgment shall be expressed therein." *Corbin's Rules, p.* 51. Under this rule the allowance of judgment *nunc pro tunc* is no longer in the discretion of the court. The party is entitled to it as a matter of right. Let judgment be entered in conformity with the rule.

It may be added that the proper practice under this rule is to enter judgment *nisi* on the coming in of the *postea*, although the trial judge has previously granted a rule to show cause. Granting a rule to show cause suspends only the final judgment.