CHARLES G. BEATTIE, PROSECUTOR, v. PASSAIC COUNTY BOARD OF TAXATION ET AL., RESPONDENTS.

Argued July 2, 1921—Decided July 25, 1921.

1. The provisions of the Tenure of Office act (*Pamph. L.* 1920, *p.* 613) are limited to the protection of an officer *de jure* and have no application to an officer *de facto.*

2. A person who has continued to perform the duties of secretary of county tax board, without a formal reappointment, after the expiration of his term, is not entitled to the protection of the provisions of the Tenure of Office act. *Pamph. L.* 1920, *p.* 613.

On *certiorari* removing resolution of county board appointing James J. Murner to office of secretary of board.

Before Mr. Justice MINTURN, pursuant to the statute.

For the prosecutor, *William I. Lewis.*

For the respondents, *Filbert L. Rosenstein.*

The opinion of the court was delivered by

MINTURN, J. The prosecutor was duly appointed secretary of the Passaic county board of taxation on June 7th, 1917, for a term to expire April 30th, 1918. He was reappointed on May 1st, 1918, for one year, and again on May 1st, 1919, he was reappointed "until April 30th, 1920." He was not formally reappointed thereafter but continued to perform the duties of secretary under a direction from the presiding officer of the board. The failure to reappoint was palpably due to the fact that a vacancy had been created in the board by the death of one of its members, leaving the board constituted of but two instead of three members. An effort was made to elect a Mr. Gall, but this failed, and no election took place until May 2d, 1921, when the defendant Murner was by resolution duly elected to the position, and now claims to be the legal incumbent thereof.

The prosecutor, acting as secretary, insists that the resolution appointing Murner was illegal, and that the resolution operates as an obstruction to the proper performance of the prosecutor's duties, which he is entitled to have annulled upon the ground that under the provisions of chapter 348, laws of 1920 (*Pamph. L.,* p. 613), known as the "Tenure of Office act," he is entitled to hold the office during good behavior. It being clear from the record that the prosecutor was never

formally reappointed as secretary after May 1st, 1919, the question really at issue is whether the act of 1920 applies to one who is in office as a *de facto* and not a *de jure* officer.

The contention that the prosecutor was legally appointed by the mere direction of the presiding officer to continue performing his duties loses its force when it is recalled that the board could elect, appoint or employ only for the term of its official life, which was one year, and that there was no power of employment vested in the president but only in the board. *Burgan* v. *Civil Service Com.,* 84 *N. J. L.* 219; *Young* v. *Stafford,* 86 *Id.* 422.

The minutes show that the previous employments of the prosecutor was by an annual election by the board, under which the prosecutor held for one year. Manifestly, thereafter, a failure to elect or appoint the prosecutor left a vacancy to be filled in the manner required by law.

Section 3 of the legislation providing for the appointment (*Pamph. L.* 1906, *p.* 210) recites that "each board shall upon organization elect from among their number a president, and shall have power to employ a secretary." The act of employment by this board has been manifested since its organization by a *viva voce* vote duly recorded upon the minutes. Obviously, such must be the legal method of indicating the will of the board. *Hawkins* v. *Cook,* 62 *N. J. L.* 84.

As between the public and the board the prosecutor was therefore a *de facto* officer, whose acts in the performance of public duty were binding upon the board and conclusive upon co-ordinate public bodies dealing with the board, but his legal status could be adjusted by the board only in the manner prescribed by the statute. Pending such adjustment he was holding over and performing the duties not as a *de jure* but as *de facto* officer. *Salter* v. *Burk,* 83 *N. J. L.* 152; *State* v. *Poulin,* 74 *Atl. Rep.* 119; *Murphy* v. *Freeholders,* 91 *N. J. L.* 40.

The president of the board could not legally as such make the appointment, or contract for the employment, to the exclusion of the wishes of the other members of the board.

*Shillingsburg* v. *Greenwich,* 83 *N. J. L.* 129; *Lewis* v. *Jersey City,* 51 *Id.* 240.

It is also to be noted that the prosecutor never qualified under his present status by taking the oath required by law which would seem to emphasize the absence of a *de jure* status. *Murphy* v. *Freeholders, supra.*

The question, therefore, resolves itself into the inquiry already indicated as to the efficacy of the Tenure of Office act upon such a factual status. That question is not open to discussion, since it has been settled by this court in *Salter* v. *Burk, supra,* in which it was declared that the provisions of the Civil Service act "must be limited to the protection of an officer *de jure,*" and have no application to an officer *de facto.* To the same effect are *Burtis* v. *Haines,* 91 *N. J. L.* 4; *Shalvoy* v. *Johnson,* 84 *Id.* 134, 547; *Volk* v. *Burk,* 83 *Id.* 204.

The result is that the prosecutor, when this resolution was passed, occupied the status of a *de facto* officer of the board, and that the board possessing the power to fill the existing vacancy legally exercised that power in passing the resolution under review. The action of the board in that respect will therefore be affirmed.