STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, v.
JAMES J. GAVIN, DEFENDANT-PETITIONER.

Argued August 1, 1947—Decided August 8, 1947.

For the complainant-respondent, *Donald G. Collester*, First
Assistant Prosecutor of Passaic County.

For the defendant-petitioner, *Bernard L. Stafford*.

EASTWOOD, J. Defendant-petitioner, James J. Gavin, seeks
a reversal of his conviction on a charge of operating an auto-

mobile while under the influence of intoxicating liquor on June 19th, 1947, "at or near the boundary of Prospect Park, Passaic County, N. J. * * * a public highway within the jurisdiction of the Criminal Judicial District of the County of Passaic" in violation of *R. S.* 39:4–50. The defendant-petitioner's application is made under and by virtue of the provisions of *R. S.* 39:5–23, which provides, *inter alia,* as follows:

"Any justice of the supreme court, upon application made to him by a verified petition for that purpose by any person against whom a sentence or judgment for the violation of any of the provisions of this subtitle has been rendered and who desires to have the legality of his conviction reviewed or the reasonableness of the sentence or penalty imposed, may order the complaint, process, proceedings, evidence and record of conviction to be forthwith brought before him, so that the legality of such proceedings and sentence or judgment or the reasonableness of the sentence or penalty may be summarily reviewed and determined."

Defendant-petitioner assigns 41 grounds for a reversal of said conviction. At the argument he abandoned the following grounds: 11 (b), 11 (e-i) and 11 (n). The application was argued orally on August 1st, 1947, at which time counsel for defendant-petitioner emphasized the following grounds for a reversal of his client's conviction, viz:

1. That the complaint before the First Criminal Judicial District Court of Passaic County is defective in that it does not set forth fully and completely the language of *R. S.* 39:4–50, but merely recites that the defendant "did operate a motor vehicle while under the influence of intoxicating liquor" in violation of *R. S.* 39:4–50.

2. That the complaint should have been made and the hearing held before the nearest magistrate.

3. That a complaint had first been made before another magistrate, had been abandoned and a new complaint then made before the First Criminal Judicial District Court of Passaic County; that the First Criminal Judicial District Court of Passaic consequently could not acquire jurisdiction of the subject-matter.

4. "That the said legislation and statutes establishing Criminal Judicial District Courts and the First Criminal Judicial District Court of Passaic County, encroaches upon the authority of the Supreme Court of New Jersey and all other courts possessing criminal jurisdiction at the time of the adoption of the state constitution."

5. That the appointment of Henry P. Schoonyoung, Recorder of the Borough of Prospect Park as Acting Judge of said First Criminal Judicial District Court by the Honorable Milton S. Schamach, the regular presiding Judge of said First Criminal Judicial District Court of Passaic County, was invalid for the reason that Judge Schamach had never been sworn nor had he taken the required oath of office; that, therefore, said conviction was invalid.

6. That the form of conviction of defendant-petitioner signed and filed by the said Henry P. Schoonyoung, Acting Judge of said First Criminal Judicial District Court of Passaic County, was legally defective in that it did not conform to the provisions of *R. S.* 39:5–29 (*Pamph. L.* 1942, *ch.* 334, *p.* 1181, *No.* 6).

There is no merit in the contention that the complaint is defective in that it does not conform to the language of *R. S.* 39:4–50. It charges the defendant-petitioner with one of the acts mentioned therein, to wit: operating an automobile on a public highway while under the influence of intoxicating liquor. It is fundamental that the defendant-petitioner was entitled to be informed by the complaint of the particulars of the offense charged, with sufficient particularity and certainty as to the time, place and nature of the alleged offense, to enable him properly to prepare his defense thereto. *Mowery* v. *Camden,* 49 *N. J. L.* 106; 6 *Atl. Rep.* 438. My review of the complaint leads me to the conclusion that it fully meets this test.

It was not a legal requisite that the complaint and hearing of the charge in question against the defendant-petitioner should have been before the nearest magistrate. *R. S.* 2:213–2 as amended *Pamph. L.* 1943, *ch.* 86, *p.* 304, *No.* 1, specifically gives concurrent jurisdiction to Criminal Judicial District Courts, *inter alia,* over "violations of the motor vehicle * * *

laws." It is unnecessary to pass upon the question of the abandonment or dismissal of the original complaint before a magistrate, as it was not proceeded with to a conclusion and the rights of the defendant-petitioner were not in any sense prejudiced. In fact, the record of the proceedings brought before me does not include the record of any such prior complaint and there is no record thereof, except the motion of the defendant-petitioner before the court below.

The defendant-petitioner further contends that the act creating Criminal Judicial District Courts encroaches upon the authority of the Supreme Court of New Jersey and all other courts possessing criminal jurisdiction at the time of the adoption of the state constitution. In reply to this assertion, it is only necessary to say that, so far as the case *sub judice* is concerned, the constitutionality of said act has been passed upon by our courts and upheld. *Wilentz* v. *Galvin,* 125 *N. J. L.* 455.

No question can be successfully raised as to the validity of the designation of Recorder Henry P. Schoonyoung to act as the trial judge in this matter simply because of an allegation that the regular presiding Judge of the First Criminal Judicial District Court had never been sworn or taken the required oath of office before the commencement of the performance of his duties as such judge. Such an attack upon his qualification can not be made successfully, either before the trial court or here, as there can be no doubt that, whether Judge Milton S. Schamach had taken the oath of office required by law as a pre-requisite to the assumption and performance of his judicial duties, the fact remains that he had been presiding as judge of said court and under the principle of "apparent authority" was a *de facto* officer. Accordingly, his acts are valid and legally effective. *State* v. *Cottrell,* 117 *N. J. L.* 226.

Defendant-petitioner lays great stress on the failure of the acting judge to sign and file a form of conviction in strict conformity with the provisions of *R. S.* 39:5–29 as amended in 1942. The form of conviction constituting a part of the record of the proceedings specifically states that "Henry P. Schoonyoung, Acting Judge of the First Criminal Judicial

District Court, Passaic County, New Jersey, convicted (James J. Gavin) of violating section 39:4-50, Revised Statutes, New Jersey" * * * "Wherefore, I, the said Henry P. Schoonyoung, Acting Judge of said Court, do hereby impose upon the defendant, the said James J. Gavin, the penalty of Two Hundred Dollars ($200.00) fine, and assess the said James J. Gavin, the sum of Twenty Dollars ($20.00), as costs for the physicians fee, and revoke the drivers license of the said James J. Gavin, for a period of two years." An examination of the record of the proceedings reveals that the said Henry P. Schoonyoung, acting judge as aforesaid, reached the following determination:

"I have reached a decision. Mr. Gavin, the defendant, is being tried for a violation of the Motor Vehicle Law, title 39:4-50. He is not being tried for an automobile collision. He is not being tried for the death of anyone. I want it to be clear, that he is being tried for operating a motor vehicle while under the influence of intoxicating liquor.

"There is no doubt in my mind but that he is guilty, and I so find, and the sentence will be $200, and I will tax costs for Dr. Siss, the physician, $20, and, of course, there is the automatic revocation of the driver's license for a period of two years. That is all."

R. S. 39:5-23, authorizing review of said conviction, directs that the legality of the conviction and reasonableness of the sentence or penalty imposed upon the defendant-petitioner shall be reviewed, and that the complaint, process, proceedings, evidence and record of conviction be brought forthwith before the reviewing justice for that purpose. It is obvious that the legislative intent of the said statute is that the entire proceedings shall be considered by such a review. *State* v. *Reily,* 1 *N. J. Mis. R.* 99. Accordingly, I have made a thorough review of the complaint, process, proceedings, evidence and record of said conviction. I find that it clearly appears that defendant-petitioner was properly charged with operating an automobile at the time and place mentioned while under the influence of intoxicating liquor in violation of *R. S.* 39:4-50; that this sole issue was tried very thoroughly and comprehensively for three days, resulting in the court's deter-

mination that the defendant-petitioner was guilty as charged. The court so stated at the conclusion of the trial, as will appear from his statement which I have quoted hereinabove. While the form of conviction signed and filed by Acting Judge Schoonyoung does not literally comply with the form of conviction prescribed in *R. S.* 39:5–29, as amended by *Pamph. L.* 1942, *ch.* 334, it would be a mockery of justice to reverse the conviction on that ground alone. A review of the entire proceedings leads me to the inescapable conclusion that the defendant-petitioner was justifiably convicted of the offense charged against him.

*R. S.* 39:5–23, *inter alia,* directs that there shall be brought before the reviewing Justice of the Supreme Court the "evidence." It does not necessarily follow that the court is required to weigh the evidence; in fact, it is not the function of this court to weigh the evidence. *State* v. *Rowe,* 116 *N. J. L.* 48 (at *p.* 57). Notwithstanding this view of the court, I have examined the proofs, a complete transcript of which has been furnished, and find that they amply and fully justify the lower court's conviction of the defendant-petitioner. I so hold.

I have considered the other grounds advanced by the defendant-petitioner for a reversal of his conviction and find no merit in them.

No justifiable criticism can be made of the reasonableness of the sentence or penalty imposed upon the defendant-petitioner. It is the minimum sentence provided for such a violation.

The judgment under review is affirmed, with costs.