13 N.J. Super. 432 (1951)
80 A.2d 573
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM C. ELLIOTT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1951.
Decided May 10, 1951.
*433 Before Judges FREUND, DONGES and PROCTOR.
*434 Mr. George A. Gray argued the cause for respondent (Mr. J. Victor Carton, Monmouth County Prosecutor, attorney).
Mr. Edward W. Currie argued the cause for appellant.
The opinion of the court was delivered by DONGES, J.S.C.
This is an appeal from a judgment of conviction entered in the Monmouth County Court.
The defendant was charged with two violations: operating a motor vehicle while under the influence of intoxicating liquor and knowingly leaving the scene of an accident. He was originally tried before the recorder of Matawan Borough and found guilty on both charges. A fine of $200 and a 90-day jail sentence were imposed on the former offense and $100 fine and 30 days in jail upon the latter charge. An appeal was taken to the Monmouth County Court and a trial de novo was had. The trial court found defendant guilty of the drunken driving charge, but dismissed the other charge. He imposed a $500 fine and a 90-day jail sentence on defendant.
Defendant alleges that the evidence concerning his operation of the vehicle was not legally sufficient to support the conviction. He also urges that the sentence was unreasonable and unlawful.
The important facts of the case are substantially as follows: Between 4:20 and 4:30 p.m. on the day in question the defendant was in John's Bar and Grill. Because of defendant's condition the proprietor refused to serve him any intoxicating beverages. Thereafter, between 4:30 and 4:40 p.m., one Charles Ellison, Jr. observed a black car on the road in question, swerving from one side of the road to the other, and on two occasions it nearly went into the ditch. Ellison permitted the car to pass and noted the license number to be "KK 42 B." This was later found to be defendant's automobile license number. A short distance ahead, around a curve, Ellison found a dead child. One Fred Howard also saw a black car "zig-zagging" on the same road, within a few minutes of the *435 time testified to by Mr. Ellison. Another witness for the State was a Mr. Heyer. He testified that he saw a black V-8 Ford going "at a fast clip" pull into the defendant's rear yard. There was one person in the car and he almost hit Heyer's car. Officer McGowan testified that shortly thereafter, found the defendant drunk and slumped over the wheel of the car bearing the registration number which Ellison noted. The defendant was examined by a physician and found intoxicated and unfit to drive a motor vehicle.
It is, of course, necessary to a conviction of drunken driving, under R.S. 39:4-50, that there be sufficient evidence that the defendant was operating the motor vehicle at the time and place charged. While it is true that no one actually saw the defendant driving, it is clear by the chain of circumstances that the defendant was the operator. He was seen in an intoxicated condition, and subsequently his car was seen "zig-zagging" at the time and place charged and, thereafter, he was found drunk and slumped over the wheel with the motor running. This was shortly after the car was seen running into defendant's rear yard "at a fast clip." From a consideration of all the testimony, one cannot escape the logical conclusion to be drawn therefrom, to wit: that defendant was operating the automobile at the time and place charged. There is no question in this appeal as to defendant's intoxication. The defendant did not see fit to take the stand and deny the testimony of the witnesses. There is no doubt that the State bore the burden of proving defendant's guilt beyond a reasonable doubt.
With respect to the sentence imposed, we find it unnecessary to rule upon the State's contention that this court is without jurisdiction to review the reasonableness of the sentence imposed below. Suffice it to say that on a trial de novo the court has the right to impose any sentence which the trial magistrate could impose. The sentence imposed was a legal sentence and the trial court properly exercised its discretion in imposing said sentence.
The judgment under review is affirmed.