34 N.J. Super. 126 (1955)
111 A.2d 777
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL A. SAGARESE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1955.
Decided February 8, 1955.
*127 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Bertram Polow argued the cause for appellant (Mr. John D. Collins, Morris County Prosecutor).
Mr. Harry Kalisch argued the cause for respondent (Messrs. Kalisch and Kalisch, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
A background sufficiently capacious to reflect the reasons for the several points debated at the argument of this appeal requires the following precursory explanation.
On January 8, 1954 a complaint was addressed to the Municipal Court of the Town of Morristown that the defendant on January 7, 1954 and again on January 8, 1954 was a disorderly person in that on those occasions he violated *128 N.J.S. 2A:170-29-2(b) by obstructing, molesting, or interfering with employees of the local board of health in the pursuit of their duties at the public office of the board. A warrant issued by virtue of which the defendant was apprehended. He posted bail to secure his appearance before the court on January 27, 1954.
On the day last mentioned the resident magistrate of Morristown was unable to preside, and he designated in writing Magistrate Frank A. Headley of the Municipal Court of the nearby Township of Denville temporarily to officiate for him. R.R. 8:13-2.
When the case was called for trial on that day, the county prosecutor acting pursuant to R.R. 8:5 immediately moved for a dismissal of the complaint and explained that a new form of complaint was contemplated. The complaint was thereupon dismissed.
Also on that day the two separate complaints with which we are now concerned were sworn to by the complainant before the clerk of the municipal court. These separate complaints accused the defendant, with some augmentation of the particulars, of the commission of the same disorderly acts on the same dates respectively.
On February 3, 1954 at the inception of the trial of the defendant agreeably on both complaints, Magistrate Headley, who had again been designated to serve temporarily in the Municipal Court of the Town of Morristown, amended each complaint by substituting in each the conjunctive "and" for the disjunctive "or" between the words "molesting" and "interfering" (R.R. 8:12-3), and took the oath of the complainant to each of the complaints as amended. The trial ensued and the defendant was convicted of the commission of the disorderly conduct alleged in both complaints.
The defendant appealed from the convictions to the Morris County Court, where Judge Leap, temporarily assigned, deemed it unnecessary to consider and determine de novo the guilt or innocence of the defendant on the merits. He resolved that Magistrate Headley did not in the circumstances to which we shall subsequently refer possess the *129 requisite judicial power and authority which he purported to exercise, and that the complaints were invalid; that a lawful conviction could not be rendered thereon; that they should therefore be dismissed and the sequential convictions be reversed. The present appeal is prosecuted on behalf of the State.
It is quite obvious that the representative of the State and probably counsel for the defendants as well desire us to determine the legal propriety of the decision of the County Court to which their respective arguments have particularly been applied, but counsel for the defendant-respondent has in his client's interest embroidered his argument with some procedural points concerning which we must first express our ideas.
Admittedly, a final judgment had not been entered in the County Court before the inauguration of the present appeal. R.R. 3:7-10(d) applicable to the practice in criminal cases in the Superior and County Courts declares:
"A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk."
Appeals are taken from judgments, not from opinions. Hughes v. Eisner, 8 N.J. 228 (1951); In re Kershner, 9 N.J. 471 (1952); State v. Milton, 27 N.J. Super. 423 (App. Div. 1953).
We are, however, now informed by counsel that subsequent to the filing of the notice of appeal and before the argument of this appeal a final judgment conformable to R.R. 3:7-10(d) and consonant with his decision was signed by the judge of the County Court and entered. This is another instance where the appeal is premature rather than tardy. Cf. Swanson v. Swanson, 8 N.J. 169, 176 (1951); In re Kershner, supra, 9 N.J., at page 474. We shall with a consciousness of the object of the rules of practice (see R.R. 3:1-2) and in the interest of justice regard the judgment so *130 entered as essentially one nunc pro tunc occasioned by the inadvertence of the court. McNamara v. New York, L.E. & W.R. Co., 56 N.J.L. 56 (Sup. Ct. 1893); St. Vincent's Church, Madison, v. Borough of Madison, 86 N.J.L. 567, 570 (E. & A. 1914); cf. State v. Gavin, 136 N.J.L. 47, 52 (Sup. Ct. 1947).
Alongside that point is the contention that the State lacks the right to appeal from such a judgment. Here the adjudication of the County Court sought to be reviewed dismissed the complaints as invalid for the reason that they had been verified before and heard by a person ineligible to act as a magistrate. Such a judicial determination is manifestly distinguishable from a judgment of acquittal upon a trial of the issue of the defendant's guilt or innocence of the statutory offense charged in the complaints. Cf. City of Newark v. Pulverman, 12 N.J. 105, 112 (1953).
Assuredly the State may prosecute an appeal from an order of the trial court dismissing an indictment or accusation. R.R. 3:5-5(7); State v. Weleck, 10 N.J. 355 (1952). The right of the State to appeal in such an exigency was expressly recognized in City of Newark v. Pulverman, supra, 12 N.J., at page 112. We have no doubt of the right of the State to seek an appellate review of an order or judgment of the trial court dismissing complaints of the present nature.
In a supplemental brief counsel for the defendant additionally proposes that the original complaint of January 8, 1954 having been voluntarily dismissed by the county prosecutor before trial thereon, the prosecution of the complaints made on January 27, 1954, amended on February 3, 1954, placed the defendant in double jeopardy. While we may intimate that from our examination of the stenographic report of the action of the prosecutor in moving to dismiss the original complaint without any attempt to prosecute the defendant thereunder, the defendant's point does not impress us, it is obvious that the County Court's decision which we are called upon to review made no adjudication whatever concerning that subject.
*131 We thus clear the way to the consideration of the legal propriety of the judgment of the County Court. The determination here impugned by the State is that acting magistrate Headley was without authority or jurisdiction to hear, decide, and render a judgment of conviction because he failed to comply with one of the requirements of R.R. 8:13-3.
It seems to be acknowledged that the designation of Magistrate Headley was accomplished in accordance with the terms of R.R. 8:13-2:
"Whenever any magistrate shall be unable to sit as such magistrate he may designate any other magistrate or an attorney-at-law to sit for him temporarily and hold the court. Any such designation shall be made in writing and shall be filed in the court and any such person so designated, while sitting temporarily, shall have all of the powers of the magistrate of such court. The clerk or deputy clerk of a court shall not be designated or sit as acting magistrate."
Moreover, it is not doubted that the designated acting magistrate on each of the occasions did "before entering upon the duties of his office, take, and subscribe" to "the oath of office" in obedience to R.R. 8:13-3, which reads:
"Each magistrate, or attorney temporarily designated in writing as magistrate shall, before entering upon the duties of his office, take, subscribe, and file with the court the oath of office."
The County Court resolved as a fact that the acting magistrate did not "file with the court the oath of office" and for that reason concluded as a matter of law that the acting magistrate was without judicial power to take the oath of the complainant in verification of the complaints and to officiate in the Municipal Court of the Town of Morristown.
Initially it is significant to recall that the acting magistrate was the duly qualified magistrate of the Municipal Court of the Township of Denville. See R.R. 8:3-1(a).
What happened to the oaths? Well, the oaths were administered to the acting magistrate by the Town Clerk of Morristown in the presence of the clerk of the municipal court, and it is the usual local practice to have the oaths of all municipal *132 officials incorporated in a book of oaths maintained in the official office of the town clerk. Such was the destination of the oaths of not only the former regular municipal magistrates of Morristown but as well the oaths of acting magistrates including those of acting magistrate Headley.
Noticeably this irregularity with relation to the filing of the oaths of magistrates, including his own, was not brought to the attention of acting magistrate Headley by the defendant at the trial before him. His judicial authority to act as magistrate was not then challenged and the trial proceeded. All parties in interest supposed him to be the official he assumed to be. The defendant appealed his conviction to the County Court where for the first time the informality was exposed for judicial consideration. In such a case the jurisdiction of the County Court is appellate, not original.
If the acting magistrate was no more than a de facto pro tem official, the objection to his authority to act is deemed on appeal to have been waived if not interposed by the defendant in the court in which he assumed to preside. State v. Pillo, 15 N.J. 99, 102, 104 (1954); 30 Am. Jur. 811, § 108. Cf. Craig v. Somers, 55 N.J.L. 525 (Sup. Ct. 1893).
Moreover, we are not persuaded that the acting judge was not a pro tem magistrate de jure of the Morristown Municipal Court in which he served. There was such an office. There is no doubt that the local magistrate was clothed with the power and authority temporarily to appoint him to that office and that the appointment was duly made. There is likewise no doubt that the magistrate so appointed took and subscribed to the oath of office before entering upon the discharge of the duties of his temporary office. His oath was in fact filed as a public record in a public office in the custody of the municipal clerk.
We are of the opinion that the provision of R.R. 8:13-3 which designates the depository of the oath is merely a procedural administrative direction, the variance from which in the circumstances here disclosed was not intended to operate to disqualify the acting magistrate.
*133 Assuredly in such circumstances the acting magistrate was a de facto officer. State v. Carroll, 38 Conn. 449, 9 Am. Rep. 409, 427 (1871); Erwin v. City of Jersey City, 60 N.J.L. 141 (E. & A. 1897); Byer v. Harris, 77 N.J.L. 304 (Sup. Ct. 1909); State v. Cottrell, 117 N.J.L. 226 (E. & A. 1936); State v. Gavin, 136 N.J.L. 47 (Sup. Ct. 1947); State v. Pillo, supra.
The judgment under review is reversed and the action remanded to the County Court of Morris County.