**CITY OF ANCHORAGE, a Corporation, Appellant,**

v.

**William A. HILTON, Appellee.**

No. 15864.

United States Court of Appeals Ninth Circuit.

Aug. 12, 1958.

James M. Fitzgerald, City Atty., L. Eugene Williams, Asst. City Atty., Anchorage, Alaska, John D. Shaw, City Atty. of Palmer, Alaska, Edward A. Merdes, City Atty., Fairbanks, Alaska, Seaborn J. Buckalew, City Atty., Seward, Alaska, for appellant.

William T. Plummer, U. S. Atty., Donald A. Burr, George F. Boney, Asst. U. S. Attys., Anchorage, Alaska, for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In this case there is only the question of whether the District Court erred in dismissing a complaint by the City of Anchorage against William A. Hilton for lack of jurisdiction.

The facts were stipulated:

"Plaintiff is a municipal corporation, organized and existing by virtue of the laws of the Territory of Alaska. The defendant is now, and at all times herein mentioned has been, the duly appointed, qualified and acting Clerk of the United States for the District of Alaska, Third Judicial Division.

"One Samuel Austin was tried and convicted on the 6th day of July, 1956, in the Magistrate's Court for the City of Anchorage for a violation of the ordinances of said city, and therein was fined the sum of One Hundred and Fifty Dollars ($150.00); that thereafter, according to the statutory authority, he gave verbal notice of appeal from said judgment to the United States District Court for the District of Alaska, Third Judicial Division; that on the 6th day of July, 1956, pursuant to said notice of appeal, the said City Magistrate filed a complete transcript of the cause against said Samuel Austin in the office of the Clerk of the United States District Court for the District of Alaska, Third Judicial Division, Anchorage, Alaska; that thereafter

said cause came on for hearing in the said District Court pursuant to the provisions of Section 16–1–70 and Sec. 68–9–10, A.C.L.A.1949. The case was prosecuted by the attorney for the City of Anchorage.

"That on the 10th day of September, 1956, the said District Court found the said Samuel Austin guilty of the charge of violating the ordinances of the City of Anchorage and imposed a fine upon him of One Hundred Dollars ($100.00). Formal Judgment, adjudging the said Samuel Austin guilty and imposing such fine was signed by the judge of said District Court and entered in the records of said court on the 18th day of September, 1956.

"On or about the 15th day of September, 1956, the said Samuel Austin deposited or caused to be deposited in the office of the Clerk of the District Court the sum of One Hundred Dollars ($100.00) in full payment of the fine so imposed upon him by the said District Court.

"The plaintiff, City of Anchorage, thereafter demanded that the defendant remit or pay to the City of Anchorage the fine of One Hundred Dollars ($100.00) so imposed by the District Court on the aforementioned defendant. The clerk of the court refused and continues to refuse to pay the sum or any part thereof to the plaintiff, City of Anchorage."

Notwithstanding this statement, this Court is hampered by the fact that the pleadings were not brought up. It is doubtful whether Hilton is sued as an individual, an officer of the District Court, or as a representative of the United States. There is no clarification of the present status of the money. All these facts are essential to a correct determination by the District Court of the question of jurisdiction.

There is the statement that Austin "caused to be deposited in the office of the Clerk of the District the sum of One

Hundred Dollars ($100.00) in full payment of the fine so imposed upon him by the said District Court," and the statement that the "clerk of the court refused and continues to refuse to pay the sum or any part thereof to" the City. There is also a patent ambiguity in the stipulation.

The City is said to have "demanded that the defendant remit or pay" the sum. Whether "defendant" is Hilton or Austin is shrouded in mystery. If it was Austin, the City should have pursued its remedy by recommitting him until the fine had been paid. If it was Hilton, the demand apparently was made on him as a person.

There is no statement as to what became of the money. Has Hilton the money in his back hip pocket? Is it held in escrow "in the office of the clerk of the District Court"? One thing is certain, neither the District Court nor the Court of Appeals can assume without stipulation or evidence that the money has been covered into the Treasury of the United States.

The action is not against the United States. The action cannot be against Hilton as representative of the United States.

■ The action might be interpreted as one to obtain from the District Court directions to its own Clerk properly to apply the money paid into the office of the Clerk.

The action might be interpreted as one against Hilton as an individual on the common count to obtain judgment against him personally for money which was paid into his hands and which belongs to the City of Anchorage.

Upon either of these interpretations, the District Court would have had jurisdiction. The only method of eliminating either as a possibility would have been to have the pleadings amended or to have counsel stipulate or agree in open court as to the theory. Or a pretrial conference would have defined the issues.

In any event, the dismissal for lack of jurisdiction was error.

■ This disposes of the case, but, for the guidance of all concerned, this Court will give its views upon the merits. The City is entitled to the money. The criminal proceeding was based upon a violation of the ordinances of the City of Anchorage. This criminal action did not change its character because defendant appealed. The fact that procedurally the cause was, for the protection of defendant, tried de novo in the District Court did not metamorphose it into an action for violation of territorial or federal law. The circumstance that the District Judge had the right on such a trial to fix a different penalty did not authorize the United States to appropriate the fine. With due respect to the ruling of the Comptroller General (36 Decisions of the Comptroller General 411), his ruling is erroneous and seems to be prompted by the admirable administrative purpose of bringing all moneys into the Treasury of the United States.

The District Court could have solved this problem by the simple direction to the defendant Samuel Austin to pay his fine into the City Recorder or Treasurer or to whatever official by whatever name was empowered to receive money in full payment of fines due the City.

Failing that, the District Court has full power to direct the Clerk thereof to pay the money received to the appropriate official of the City.

The controlling statute, 16–1–35, A.C. L.A.1949, provides in part:

"All fines and costs imposed and collected for violation of municipal ordinances shall belong to the municipality and be paid over to its Treasury."

The judgment of dismissal for lack of jurisdiction in the District Court cannot be sustained.

Reversed.