54 N.J. Super. 254 (1959)
148 A.2d 640
CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
COUNTY OF PASSAIC, A BODY POLITIC OF THE COUNTY OF PASSAIC, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1959.
Decided February 25, 1959.
*256 Before Judges CONFORD, FREUND and HANEMAN.
Mr. William N. Gurtman argued the cause for appellant.
Mr. Nicholas Martini argued the cause for respondent.
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff appeals from a summary judgment in favor of defendant which was entered in the Passaic County District Court upon cross-motions for summary judgment.
The facts upon which the motions were based were stipulated, and the appeal is founded upon those facts. The essentials are these:
A complaint was filed in the Municipal Court of the City of Passaic against three persons, charging that each had violated the provisions of N.J.S. 2A:170-29 within the territorial jurisdiction of that court. Those three persons were tried before the municipal court, and each was adjudged guilty as a disorderly person upon the charge laid in the complaints. The judgment was that each defendant pay a fine of $100 and be imprisoned in the county jail for 60 days. Defendants appealed the convictions to the County Court and a trial de novo was had there upon the appeals. The court found defendants guilty and its judgment was that each should pay a fine in the amount of $250, the sum of $20 costs of court, and be placed on probation under the supervision of the chief probation officer of the county. The amount of the fines and costs was paid to the probation *257 officer, apparently at the direction of the County Court judge. The probation officer, in turn, paid the amount of the fines to the county treasurer and the costs to the clerk of the County Court. Plaintiff municipality demanded the sum of the fines be paid over to it by the defendant. The defendant contended that the fines are the property of the county and refused to pay over that sum. Plaintiff thereafter instituted the suit upon which the judgment appealed is founded, seeking thereby to recover the sum of $750.
Plaintiff's position, here and in the trial court, is that the statute under which the defendants in the municipal court action were convicted, is one section of the Disorderly Persons Act, N.J.S. 2A:169 to 171 inclusive, and that N.J.S. 2A:169-9 is dispositive of the issue under appeal. That statute reads:
"All fines and forfeitures collected under this subtitle [the Disorderly Persons Law] shall be paid into the treasury of the municipality wherein the offense was committed."
Defendant argues that the probation officer followed a proper and correct standard procedure in disbursing the monies which came into his hands. It admits that the County Court did not direct in what manner these monies should be disbursed and draws from that silence an implication that the fines should be paid to the county treasurer. Reliance is placed upon N.J.S. 2A:168-11(d) which empowers probation officers "to collect from persons under their supervision such payments as may be ordered by the court * * * and disburse the money so received under the direction of the court," and upon a custom, said to be of common knowledge, under which fines, paid to the probation officer at the direction of the County Court, are turned over to the county treasurer.
It is clear that the probation officer has the power to disburse monies which come into his hands only under the direction of the court. Had the Legislature intended that all fines which came into the hands of the probation officer upon an order of the County Court were to be paid to the county treasurer, there would be no need for court direction *258 in the matter and the statute could easily have been drafted in that manner. A more reasonable view of that statute is that the Legislature realized that some fines which would be paid over to the probation officer at the direction of the County Court were to be paid to another than the county treasurer, thus necessitating some direction from the court as to whom the monies should be paid. In any event, the court here made no direction and the payment of the monies to the county treasurer cannot be sustained, regardless of the practice said to exist, if it is contrary to law.
Defendant urges upon the court a construction of N.J.S. 2A:169-9, based upon its historical legislative antecedents, which would render the provisions thereof inapplicable to fines imposed or collected in a County Court on an appeal from the municipal court. The terms of the statute are clear and unambiguous. The statute will admit of no construction which would be contrary to its plain meaning, i.e., that all fines and forfeitures collected under the Disorderly Persons Act, whether they be imposed or collected by the municipal judge in a proceeding before him, or by the County Court after an appeal and trial de novo, or by the County Court, upon a mandate of this court affirming a conviction there, shall be paid into the treasury of the municipality wherein the offense was committed. We so hold.
Defendant also urges that the terms of N.J.S. 2A:169-9 are inapplicable upon an appeal to the County Court from a conviction in the municipal court, because the appeal operates as an application for a trial de novo without a jury. The decision of the County Court, on the trial de novo, it urges, substantively voids the judgment in the municipal court and is substituted therefor. It cites in support of this argument State v. Taylor, 38 N.J. Super. 6 (App. Div. 1955); State v. Elliott, 13 N.J. Super. 432 (App. Div. 1951), and State v. Hunter, 12 N.J. Super. 128 (App. Div. 1951). It is inferentially argued that since the appeal from a municipal court to the County Court requires a trial de novo and the judgment of the County *259 Court is eventually substituted for that of the municipal court, the appellate complexion of the proceeding is terminated and the matter heard as though it were a completely new charge brought in the County Court in the first instance.
The jurisdiction of the County Court on an appeal from a disorderly person conviction is appellate and not original. State v. Sagarese, 34 N.J. Super. 126 (App. Div. 1955). Its jurisdiction is no greater than that conferred upon the tribunal from which the appeal is taken. R.R. 3:10-10(b). Among the many offenses under the Disorderly Persons Act are some which were originally crimes, but were down-graded by the Legislature (see N.J.S. 2A:169 et seq.) to disorderly person offenses. It has been held that the County Courts are without initial jurisdiction to try such matters, these being within the exclusive jurisdiction of the municipal court. State v. McGrath, 17 N.J. 41 (1954); State v. Maier, 13 N.J. 235 (1953). Parenthetically, it is well to note that on an appeal to the County Court in cases where the proceedings before the municipal court were recorded stenographically or by a sound recording, the County Court may hear the appeal on the record made, absent prejudice to the rights of either party. R.R. 3:10-10(a). Although the trial of the appeal in such cases is heard "de novo on the record" the rule points up the appellate character of such appeals. It is plain under the cases and rules that the flavor of the de novo review in the County Court is appellate.
There is no conflict here with Taylor, Elliott or Hunter. The judgment of the County Court is substituted for that of the municipal court. Note, however, that the County Court may impose no greater penalty than the magistrate could properly have imposed. State v. Taylor, supra; State v. Elliott, supra. This points again to the appellate flavor of the proceeding in the County Court. We reject defendant's contention as to the inapplicability of N.J.S. 2A:169-9 on an appeal to the County Court.
The judgment appealed is reversed and the cause remanded, with directions to enter final judgment in favor of plaintiff.