MUNICIPAL COURT — APPEALS AND PROCEEDS OF FINES
Where a defendant is found guilty and fined in a Municipal Court, and that person appeals to the District Court pursuant to 11 O.S. 958.14 [11-958.14] (1971), upon a like finding of guilt in the District Court on appeal, the Municipal Court is entitled to the proceeds of the fine assessed. The Attorney General has considered your letter wherein you ask in effect an opinion in answer to the following question: Where a defendant is found guilty and fined in a Municipal Court, and subsequently appeals to the District Court pursuant to 11 O.S. 958.14 [11-958.14] (1971), upon a like finding of guilt in the District Court on appeal, is the Municipal Court or the District Court entitled to the proceeds of the fine assessed? The procedure for appealing judgments of the municipal courts in cities having a population of less than 125,000 is set forth in 11 O.S. 958.14 [11-958.14] (1971), which provides in relevant part: "(a) An appeal may be taken from a final judgment of the Municipal Court by the defendant by filing in the District Court of the county wherein the Municipal Court is located within ten (10) days from the date of the final judgment a notice of appeal and by filing a copy of the notice with the Municipal Court. In case of an appeal, a trial de novo shall be had, and there shall be a right to a jury trial, if the offense is punishable by a fine of more than Thirty-five Dollars ($35.00), including costs. " (b) Upon conviction, at the request of the defendant, or upon notice of appeal being filed, the judge of the Municipal Court shall enter an order on his docket fixing an amount in which bond may be given by the defendant, in cash or sureties for cash in an amount of not less than Fifty Dollars ($50.00) nor more than Two Hundred Dollars ($200.00); . . . "(c) Upon appeal being filed the judge shall within ten (10) days thereafter certify to the clerk of the appellate court the original papers in the case, and if said papers have not been certified to the appellate court, the prosecuting attorney shall take the necessary steps to have the papers certified to the appellate court within twenty (20) days of the judgment, and failure to do so, except for good cause shown, shall be grounds for dismissal of the charge by the appellate court, the cost to be taxed to the city. . . ." Further, 11 O.S. 958.20 [11-958.20] (1971) provides in relevant part that: "All of the fees, fines and forfeitures which come into the Municipal Court shall be paid by the clerk of said court to the city treasurer at least twice each month. The city treasurer shall credit such deposits to the fund designated by the governing body of the city where the court is established. . . ." Thus it is clear that municipal criminal proceedings involve only a violation of the ordinance of a city, and by virtue of 11 O.S. 958.20 [11-958.20] (1971), supra, those fines in the Municipal Court are paid to the city treasurer. It is also apparent that under the provisions of 11 O.S. 958.14 [11-958.14] (1971) that if the city prosecutor fails to diligently prosecute the appeal and have the papers necessary for the appeal certified to the District Court, then the appeal is dismissed and the costs of the appeal are taxed to the city, and not the District Court. Further, pursuant to 11 O.S. 958.28 [11-958.28] (1971) a judgment of the municipal court may be certified by the municipal judge to the District Court with the municipality authorized to pursue the same remedies available to any other judgment creditor for enforcement of the judgment so entered. The fact that by statute, the right is given to appeal from the judgment of the Municipal Court to the District Court for a trial de novo in the District Court, does not change the character of the offense as being one for a violation of municipal ordinances; likewise the disposition of the fine involved is not changed merely because an appeal to the District Court is provided. Simply because an accused is given the procedural protection and right to a trial de novo in District Court does not change the municipal offense into a state charge for which the state through the District Court clerk, is entitled to the fine upon the affirming of the municipal conviction. See City of Anchorage v. Hilton,262 F.2d 139 (9th Cir. 1958). In City of Passaic v. County of Passaic, 148 A.2d 640 (N.J., 1959) the Court had before it the question which you have posed in your letter. In the Passaic case the accused had been convicted in Municipal Court of a violation of the municipal ordinances, and was assessed a fine. The statutes, like Oklahoma, provided for a trial de novo to the appellate state court. The New Jersey Court specifically held that where the conviction in a Municipal Court was affirmed by an appellate court in a trial de novo, that any fines ordered paid should be paid to the treasury of the municipality wherein the offense was committed. The Court further stated that: "The jurisdiction of the County Court on an appeal from a . . . conviction is appellate and not original. Its jurisdiction is no greater than that conferred upon the tribunal from which the appeal is taken . . . Although the trial of the appeal in such cases is heard de novo on the record, the rule points out the appellate character of such appeal. It is plain under the cases and rules that the flavor of the de novo review in the County Court is appellate. . . . The judgment of the County Court is substituted for that of the Municipal Court." Similarly in City of Maysville v. Key, 247 S.W. 374 (Ken. 1923) the question before the Court was whether the municipality or the appellate court was entitled to the proceeds of a fine where the statutes provided that the city police court conviction could be reviewed by the state appellate court. In holding that the funds belonged to the city, the Court stated: "We think a reasonable construction of this language gives the city such funds in every case in which the prosecution originates in the said police court and a judgment is there rendered in favor of the city or the commonwealth against the defendant, from which judgment the latter appeals to the Circuit Court, where a similar penalty is imposed . . . It seems to us that these several acts, taken and considered together, must be construed to give to municipalities . . . the exclusive right to all funds arising from fines and forfeitures in cases where the prosecution originated in police court and a recovery was had in said court, even though the final judgment was entered on an appeal by a defendant to the Circuit Court from a judgment of the said police court." It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where a defendant is found guilty and fined in a Municipal Court, and that person appeals to the District Court pursuant to 11 O.S. 958.14 [11-958.14] (1971), upon a like finding of guilt in the District Court on appeal, the Municipal Court is entitled to the proceeds of the fine assessed. (Steven E. Moore)