185 N.J. Super. 285 (1982)
448 A.2d 495
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
CHARLES JONES, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1982.
Decided July 1, 1982.
*286 Before Judges MILMED, JOELSON and GAULKIN.
Carl R. Rapoport, Assistant County Prosecutor, Bergen County, argued the cause for appellant and cross-respondent State of New Jersey (Roger W. Breslin, Jr., Bergen County Prosecutor, attorney; Susan W. Sciacca, Assistant County Prosecutor, on the initial letter brief, and with Roger A. Daly, Assistant County Prosecutor, on the reply letter brief).
Mark J. Treacy argued the cause for defendant-respondent and cross-appellant.
The opinion of the court was delivered by MILMED, P.J.A.D.
Defendant was charged in a three-count indictment (No. S-434-81) with: (first count) unlawful possession of cocaine with intent to distribute that controlled dangerous substance (N.J.S.A. 24:21-19(a)(1)); (second count) unlawful possession of cocaine (N.J.S.A. 24:21-20(a)(1)), and (third count) unlawful possession of over 25 grams of marijuana (N.J.S.A. 24:21-20(a)(4)). He moved to suppress the evidence taken by the police from his premises pursuant to a search warrant, on three grounds, viz., that (1) "information presented in support of the warrant was stale"; (2) "information presented in support of the warrant was uncorroborated by the police," and (3) "the person who signed and authorized the issuance of the warrant was not a judge or magistrate of the municipal court in the city of Englewood." The trial judge who heard the motion, by order, denied it on each of the first two grounds advanced by defendant, but granted it on the third ground. We granted the State's motion for leave to appeal as well as defendant's motion for leave to cross-appeal. We now reverse the order of suppression.
The essential facts may briefly be summarized. In his affidavit which he submitted in support of his February 24, 1981 *287 application for a warrant to search defendant's premises in Englewood, Detective Sergeant Philip Morgan of the Englewood Police Department, assigned to its Youth Bureau, stated that on February 20, 1981 the mother of a 14-year-old female reported to a detective at the Youth Bureau that her daughter "had been sexually assaulted and forced to take narcotics by" the child's aunt[1] and the aunt's boyfriend, defendant Charles Jones, and that the "incident took place at 61 Tenafly Road, Englewood, N.J." on February 13, 1981. Morgan further stated that on February 23, 1981 the child, in a statement to an investigator and stenographer from the Bergen County Prosecutor's Office, reported that on February 13, 1981 her aunt:
... picked her up at her home ... and said she would take her roller skating and to a fashion show. [Her aunt] then drove [her] to 61 Tenafly Road, Englewood, N.J. where [the aunt] lives with Charles Jones. At that location, [she, the child,] was sexually assaulted by [her aunt] and Charles Jones and also forced to take cocaine in the mouth and had cocaine rubbed on her body....
Morgan additionally noted that the child had reported "that the cocaine is kept in a desk type piece of furniture in the bedroom" but that she did "not know where the marijuana was in the house on the evening of Feb. 13, 1981."
On the strength of the affidavit submitted to him by Detective Sergeant Morgan, Gerald Escala, on February 24, 1981, issued the search warrant in his capacity as acting judge of the Englewood Municipal Court. The warrant was executed the same day. The property seized included marijuana, suspected cocaine, narcotics paraphernalia, pistols, ammunition and a shotgun.
On this appeal and cross-appeal defendant continues to challenge the validity of the search warrant on the same three grounds he advanced before the trial judge. Defendant's claims are entirely without merit, and we reject them.
On February 15, 1980 Judge Trautwein, then assignment judge for Bergen County, appointed Judge Gerald Escala of the *288 Westwood Municipal Court to be acting judge of the Municipal Court of the City of Englewood "for the year 1980...." The appointment was included in a general order, made pursuant to R. 1:12-3(a), designating acting municipal court judges of the Englewood Municipal Court for 1980. The order provided that the acting judges so designated "shall sit temporarily for the Primary Judge and hold court and conduct all judicial business before the Englewood Municipal Court," and that they
... shall have the full powers of the Primary Judge when called upon by that Judge or the Clerk of the Court to preside in the event that the Primary Judge is unable to sit on account of illness, or that the Primary Judge will be unavailable by reason of absence from the county for more than 24 hours, or when notified by the Primary Judge to hear specific matters in which the Primary Judge has disqualified himself.
On March 11, 1981 Judge Trautwein, in a substantially similar general order, again appointed Judge Escala to serve as an acting judge of the Municipal Court of the City of Englewood, this time "for the year 1981...." As noted above, the challenged search warrant was issued by Judge Escala during the hiatus between the two general orders.
In Switz v. Middletown Tp., 40 N.J. Super. 217 (App.Div. 1956), mod. on other grounds 23 N.J. 580 (1957), Judge (later Justice) Francis, in his opinion for this court, succinctly observed:
... It has long been the law of our State that one who assumes an office legally and in good faith remains in it after his title has ended, is a de facto officer. State v. Gavin, 136 N.J.L. 47, 50 (Sup.Ct. 1947); State v. Cottrell, 117 N.J.L. 226, 229 (E. & A. 1936); Beattie v. Passaic County Board of Taxation, 96 N.J.L. 72, 74 (Sup.Ct. 1921); Byer v. Harris, 77 N.J.L. 34 [304], 309 (Sup.Ct. 1909); Erwin v. City of Jersey City, 60 N.J.L. 141 (E. & A. 1897); Oliver v. City of Jersey City, 63 N.J.L. 634, 638 (E. & A. 1899); Annotation, 71 A.L.R. 848 (1931).
The statement of the Court of Errors and Appeals in Oliver v. City of Jersey City, supra, is directly applicable and in our judgment controlling:
"There are no facts in this case to justify us in relaxing the wise and ancient rule, so deeply rooted in public policy, that the acts of de facto officers, holding under color of a title originally lawful, when acting in good faith, will protect third persons and the public in their dealings with them * * *." 63 N.J.L., at page 642. [40 N.J. Super. at 236-237]
See, also, State v. Pillo, 15 N.J. 99, 103-104 (1954), cert. den. 348 U.S. 855, 75 S.Ct. 78, 99 L.Ed. 673 (1954). From the undisputed *289 facts before us, it is obvious that when he issued the search warrant on February 24, 1981 Judge Escala was a de facto Acting Judge of the Englewood Municipal Court, exercising the powers of that office in good faith. Defendant's challenge to his authority to issue the warrant must, accordingly, fail.
Equally without merit are the two remaining contentions advanced by defendant, viz., that (1) the warrant "was issued on the basis of stale information and was therefore invalid for lack of probable cause," and (2) the warrant was invalid because information alleged by the juvenile complainant "was never verified or corroborated by the investigative authority as is required for issuance of a valid search warrant in" this State. See, in particular, State v. Blaurock, 143 N.J. Super. 476, 479-480 (App.Div. 1976); State v. Kurland, 130 N.J. Super. 110, 114-115 (App.Div. 1974).
In sum, we hold that the search warrant issued in this case was in all respects valid, and that the evidence seized pursuant thereto was erroneously suppressed.
The order suppressing evidence is reversed. The matter is remanded to the Law Division for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] A codefendant charged in the above-mentioned indictment, along with defendant, with each of the three offenses specified therein.