989 A.2d 840

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JASON V. BROOM–SMITH, DEFENDANT–APPELLANT.

Argued January 6, 2010—Decided March 9, 2010.

230

*Steven E. Nelson* argued the cause for appellant (*Nelson, Fromer & Crocco,* attorneys; *Jeffrey M. Zajac,* on the brief).

*William Kyle Meighan,* Assistant Prosecutor, argued the cause for respondent (*Marlene Lynch Ford,* Ocean County Prosecutor, attorney; *Samuel J. Marzarella,* Supervising Assistant Prosecutor, of counsel; *Mr. Meighan* and *Mr. Marzarella,* on the letter in lieu of brief).

*Peter J. Gallagher* argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (*Greenberg Traurig,* attorneys).

*Johanna Barba Jones,* Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (*Anne Milgram,* Attorney General, attorney).

PER CURIAM.

At issue on this appeal is the validity of a search warrant issued by a municipal court judge with respect to premises outside his territorial jurisdiction. The facts of the case have been set forth in the Appellate Division's published opinion, *State v. Broom–Smith,* 406 *N.J.Super.* 228, 967 *A.*2d 359 (App.Div.2009), and need not be detailed here. It is sufficient for our purposes to note that because the Dover Township [1] Municipal Court was not in session, the Ocean County Prosecutor's investigator presented an application to the municipal court judge in Berkeley Township and obtained a warrant to search defendant Jason Broom–Smith's Dover Township house. As a result of the search, defendant was charged by indictment with a series of drug offenses. He moved for discovery and to suppress the evidence against him.

The gravamen of defendant's challenge to the warrant was that it was issued by the municipal court judge of Berkeley Township, who, defendant claimed, lacked jurisdiction over a location in Dover Township. According to defendant, the 2003 cross-assignment order issued by the Assignment Judge of Ocean County, pursuant to *N.J.S.A.* 2B:12–6 and *Rule* 1:12–3(a), permitting any municipal court judge in the vicinage to be substituted for any other municipal court judge, was overbroad and illegal. In particular, defendant argued that the rule and statute were intended to allow the Assignment Judge to designate one judge from another municipal court to act as a substitute in situations where the regularly-assigned judge is disqualified, not to allow every municipal court judge in the vicinage to act in place of every other municipal court judge for any reason.

---

[1] In 2006, after the events giving rise to this case, Dover Township changed its name to "Toms River Township." See http://www.tomsrivertownship.com/index.php/township-history.html.

Premised on that theory, defendant sought discovery aimed at determining the whereabouts of the two regularly-assigned Dover Township judges at the time the warrant was sought and for a statement of the reasons the Prosecutor's investigator applied to the Berkeley Township judge for the warrant.[2] When those motions were denied, defendant entered a plea of guilty to first-degree possession with intent to distribute more than five ounces of cocaine, contrary to *N.J.S.A.* 2C:35–5a(1), and was sentenced to . a custodial term of twenty-five years with sixty-five months of parole ineligibility.

Defendant appealed from the denial of his motions to suppress and for discovery, again based upon the jurisdictional argument. The Appellate Division affirmed, concluding that *N.J.S.A.* 2B:12–6 and *Rule* 1:12–3 authorized the warrant procedure in question. We agree and affirm. In our view, no jurisdictional question was presented here.

*N.J.S.A.* 2B:12–6 provides:

> Subject to the Rules of Court, the Assignment Judge of the vicinage may appoint an acting judge of each of the municipal courts in the vicinage to serve as judge temporarily when the judge of that court *is unable to hold the municipal court or for other cause.* A person appointed as an acting judge shall be a judge of another municipal court or an attorney-at-law. A copy of the appointment of an acting judge for a municipal court shall be sent to the judge of that court and to the Administrative Director of the Courts.
>
> [*N.J.S.A.* 2B:12–6 (emphasis added).][3]

*Rule* 1:12–3 prescribes in relevant part:

> In the event of the *disqualification or inability for any reason of a judge to hear any pending matter before or after trial,* another judge of the court in which the matter is pending or a judge temporarily assigned to hear the matter shall be designated by the Chief Justice or by the Assignment Judge of the county where

---

[2] Defendant also sought discovery concerning the factual circumstances surrounding the warrant application.

[3] The statute refers to "vicinage." Although vicinages may include more than one county, the Assignment Judge should adhere to county lines or boundaries where a municipal court substitution is required.

the matter is pending except that in the municipal court the Assignment Judge shall designate the acting judge. . . .

[*R.* 1:12–3(a) (emphasis added).]

That provision of the rule, in its current form, which obviously includes search warrant applications, became effective in 1975. The statute was enacted in 1993 and the "or for other cause" language was added in 1996. Given our supervisory authority over the courts, *N.J. Const.* art. VI, § 2, ¶ 3, we discern in the subsequently-enacted statutory language a legislative intent to incorporate the standard of the rule: "disqualification or inability for any reason of a judge to hear any pending matter. . . ." The statute, in turn, recognizes those categories: "unable to hold the municipal court" or "for other cause." We view the latter as a reference to disqualification.

 Here, when the warrant was sought, the Dover Township Municipal Court was not in session. The Prosecutor's investigator viewed that circumstance as sufficient to satisfy the statutory and regulatory inability standards, thus justifying his resort to the Berkeley Township municipal judge. We are satisfied, as was the Appellate Division, that the rule and the statute, which were specifically incorporated by the Assignment Judge into his cross-assignment order, are "broad enough" to authorize the issuance of the warrant under those circumstances. In reaching that conclusion, we do not interpret that authority as limiting the Assignment Judge to a one-for-one substitution. Indeed, it is a widespread practice of assignment judges to cross-assign more than one judge to carry on in case of the disqualification or inability of the regularly-assigned judge, and we see no problem with that procedure.

 Nevertheless, in the exercise of our supervisory authority over the courts, we have determined that, going forward, some order and uniformity must be imposed on the cross-assignment procedure. First, we reiterate that the rule and the statute are co-extensive and authorize cross-assignment only in cases of disqualification or "inability" to hear a case. That, generally, will

require the officers seeking the warrant to attempt to contact the judge of the territorially-appropriate court. It will be that judge's disqualification or inability to hear the case that will trigger the cross-assignment order. Obviously, if the judge is absent or otherwise incapacitated (for example, away on vacation or hospitalized), the officers need not go first to the judge's chambers, office or home. In that case, the "inability" standard is plainly satisfied. However, the fact that the judge is busy with other matters or home for lunch should not automatically trigger cross-assignment. Rather, the officers should wait a reasonable period unless, for some reason, the matter is emergent and time is of the essence.

■ Further, the fact that a particular municipal court is not "in session," that is, holding court, does not necessarily mean that the judge is "unable" to hear a warrant application. It may be that in furtherance of his private practice, the judge is far from his vicinage. In that case, he may, in fact, be "unable" to hear the matter, especially if there are time constraints involved. But it does not follow that a judge who is sitting in his local law office is "unable" to entertain a warrant application, especially since that is part and parcel of his judicial responsibilities.

■ Moreover, the cross-assignment order, which may provide for more than one substitute judge, should prescribe the sequence to which substitute judges are to be resorted. That, in turn, will eliminate any question of judge shopping. Practically speaking, prescribing the sequence will militate against assigning every municipal court judge in a vicinage as a substitute for every other judge because of the burden that would cast on the first judges in the sequence.

■ It goes without saying that when a warrant applicant applies to a substitute judge, a record should be made of the reason the application is not being presented to the territorially-appropriate court. Finally, the cross-assignment order should be renewed annually to account for changes in judicial appointments.

We commend those issues to the Municipal Court Practice Committee for recommendations regarding the retooling of the rule in accordance with the principles to which we have adverted. The judgment of the Appellate Division affirming the denial of defendant's motion to suppress is affirmed.[4]

*For affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.

---

[4] We also affirm the Appellate Division's legally unexceptionable conclusions regarding defendant's discovery and *Franks* motions. *Franks v. Delaware,* 438 *U.S.* 154, 98 *S.Ct.* 2674, 57 *L.Ed.*2d 667 (1978).