**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4082-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAAREEF ROBINSON,

    Defendant-Appellant.

_____

Submitted October 3, 2017 — Decided October 18, 2017

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Indictment No.
14-02-0173.

Joseph E. Krakora, Public Defender, attorney
for appellant (Stephen W. Kirsch, Assistant
Deputy Public Defender, of counsel and on the
brief).

Angelo J. Onofri, Mercer County Prosecutor,
attorney for respondent (Michael D. Grillo,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant appeals from the trial judge's denial of his motion
to suppress evidence.  We affirm.

Prior to trial, defendant requested a <u>Franks</u>[1] hearing challenging the truthfulness of the affidavit establishing probable cause for a warrant to search his house and person. Defendant claims a <u>Franks</u> hearing was required based upon a contradiction in the affidavit supporting the issuance of the warrant. Alternatively, defendant argues that his suppression motion should have been granted outright because the affidavit contained conflicting information.

The search warrant in this case was issued based upon information provided by a confidential informant (CI). The CI contacted Detective Michael Castaldo about an individual, known to the CI as "Slick,"[2] who was distributing cocaine. The CI had provided reliable information in the past leading to the arrest of several individuals for controlled dangerous substance offenses.

According to Castaldo's affidavit, the CI reported Slick was selling cocaine. The CI said he would contact Slick to purchase cocaine, and meet at a specific location to complete the transaction. The CI described Slick as a thirty to thirty-five-

---

[1] <u>Franks v. Delaware</u>, 438 <u>U.S.</u> 154, 98 <u>S. Ct.</u> 2674, 57 <u>L. Ed.</u> 2d 667 (1978).

[2] Defendant is also known as Slick.

year-old black male, approximately five foot, ten inches tall, and weighing approximately 170 pounds. The CI informed Castaldo that Slick resided at a specific address on Elmer Street in Trenton.

The Mercer County Prosecutor's Office arranged for the CI to carry out two controlled purchases of cocaine from Slick. Prior to each purchase, Detective Joseph Paglione met with the CI and searched the CI and his car for drugs and money. After ensuring that the CI had no drugs or money, Paglione gave money to the CI to complete the drug transactions.

In the first drug purchase, the CI called Slick. Paglione was able to overhear the conversation between the two men. The CI told Slick that he wanted to purchase cocaine. Slick told the CI to meet him at a particular location. At the same time, Castaldo was watching the Elmer Street house. Castaldo observed a black male, fitting the description of Slick, leave the Elmer Street house and proceed toward the pre-arranged location to meet with the CI. Castaldo observed Slick reach his right hand into the CI's vehicle and engage in a brief conversation.

For the second transaction, the same preliminary procedure of searching the CI and his car was undertaken by Paglione prior to the CI purchasing cocaine from Slick. During the second meeting, Castaldo observed Slick enter the CI's car and sit for a

few moments. After both transactions, Castaldo saw Slick return to Elmer Street and enter the house.

After both meetings with Slick, the CI drove to another pre-arranged location and met with Paglione. On both occasions, the CI handed Paglione a quantity of suspected cocaine. The CI described his interactions with Slick to Paglione, including Slick handing over the suspected cocaine and the CI exchanging money for the drugs. After both drug purchases, Paglione searched the CI and his vehicle and found the car and the CI were "drug and money free." Paglione returned to the Mercer County Prosecutor's Office with the suspected cocaine. The substance purchased from Slick by the CI tested positive for cocaine.

After observing the CI's transactions with Slick, Castaldo submitted an affidavit in support of a warrant to search defendant and his house. A search warrant was issued. The search of defendant's home revealed controlled dangerous substances, cash, and a shotgun. The search of defendant's person revealed controlled dangerous substances. Defendant waived his rights and provided a formal statement admitting that the drugs and gun belonged to him. Defendant was then charged and indicted.

In a motion to suppress the drugs and other evidence, defendant claimed the search warrant contained conflicting information requiring a Franks hearing. The trial judge denied

defendant's motion. After the denial of his suppression motion, defendant entered into a plea agreement and was sentenced.

On appeal, defendant argues:

> DEFENDANT'S MOTION TO SUPPRESS SHOULD NOT HAVE BEEN DENIED WITHOUT A <u>FRANKS</u> HEARING; ALTERNATIVELY, THE SUPPRESSION MOTION SHOULD HAVE BEEN GRANTED BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT WAS FATALLY CONTRADICTORY ON THE ISSUE OF CORROBORATION OF THE INFORMATION PROVIDED BY THE CONFIDENTIAL INFORMANT.

Appellate courts review a trial judge's ruling regarding the need for an evidentiary hearing for abuse of discretion. <u>State v. Broom-Smith</u>, 406 <u>N.J. Super.</u> 228, 239 (App. Div. 2009), <u>aff'd</u>, 201 <u>N.J.</u> 229 (2010). When reviewing a determination on a motion to suppress, appellate courts "must uphold the factual findings underlying the trial court's decision so long as those findings are supported by sufficient credible evidence in the record." <u>State v. Gamble</u>, 218 <u>N.J.</u> 412, 424 (2014). Appellate courts should reverse only when the trial court's determination is "so clearly mistaken 'that the interests of justice demand intervention and correction.'" <u>State v. Elders</u>, 192 <u>N.J.</u> 224, 244 (2007) (quoting <u>State v. Johnson</u>, 42 <u>N.J.</u> 146, 162 (1964)).

There is "a presumption of validity with respect to the affidavit supporting the search warrant." <u>Broom-Smith</u>, <u>supra</u>, 406 <u>N.J. Super.</u> at 240 (quoting <u>Franks v. Delaware</u>, 438 <u>U.S.</u> 154, 171,

98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667, 682 (1978)). To warrant a Franks hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks, supra, 438 U.S. at 155-56, 98 S. Ct. at 2676, 57 L. Ed. 2d at 672. A defendant must also show that the allegedly false statement was essential in finding probable cause. Ibid. New Jersey adopted the Franks procedure to review challenges to the veracity of a warrant affidavit. See, e.g., State v. Howery, 80 N.J. 563, 568, cert. denied, 444 U.S. 994, 100 S. Ct. 527, 62 L. Ed. 2d 424 (1979). However, a Franks hearing is not required for every challenge to the veracity of a warrant affidavit. "[A] Franks hearing is not directed at picking apart minor technical problems with a warrant application; it is aimed at warrants obtained through intentional wrongdoing by law enforcement agents. . . ." Broom-Smith, supra, 406 N.J. Super. at 240.

"[A] search executed pursuant to a warrant is presumed to be valid and . . . a defendant challenging its validity has the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.'" State v. Jones, 179 N.J. 377, 388 (2004) (quoting State v. Valencia, 93 N.J. 126, 133 (1983)). As such, reviewing courts

"accord substantial deference to the discretionary determination resulting in the issuance of the warrant." State v. Marshall, 123 N.J. 1, 72 (1991), cert. denied, 507 U.S. 929, 113 S. Ct. 1306, 122 L. Ed. 85 (1993) (citing State v. Kasabucki, 52 N.J. 110, 116 (1968)).

Defendant claims that Castaldo's affidavit contained a material misstatement made with reckless disregard of the truth. Defendant argues the affidavit states both the CI and his vehicle were "drug and money free" after the controlled drug purchase, thus concluding that the transactions never resulted in any physical drug evidence.

Defendant further claims that his motion to suppress should have been granted outright. Defendant's support for this argument is premised on his same argument that the warrant affidavit contains conflicting information as to the finding of drugs and money. Based on a straightforward reading of the affidavit, we find no such conflict. The police searched the CI after he turned over the drugs to be sure the CI had no money or drugs concealed on his person or in his car.

As defendant failed to make any legitimate showing that the affidavit included false or perjured statements or that the warrant lacked probable cause, the trial court did not err in denying the Franks hearing or the motion to suppress.

7

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8