**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4964-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN J. JIMENEZ,

     Defendant-Appellant.

_____

Submitted January 23, 2019 – Decided February 1, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-09-1488.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant pleaded guilty to second-degree conspiracy to unlawfully possess a handgun, N.J.S.A. 2C:5-2(a)(1); N.J.S.A. 2C:39-5(b)(1), and was sentenced as a third-degree offender to a five-year probationary term. He now appeals the denial of his suppression motion, arguing he was erroneously deprived of an evidentiary hearing as required by Franks v. Delaware, 438 U.S. 154 (1978).

The search that was the subject of defendant's suppression motion was authorized by a warrant. Defendant contends he was entitled to challenge the veracity of the warrant affidavit at a Franks hearing because the affidavit only disclosed information about drug activities and failed to disclose that police also conducted surveillance because of a police officer's loss of a service weapon a few days earlier. Franks held that to obtain a hearing for the purpose of challenging the veracity of a warrant affidavit, a defendant must overcome the presumption of validity, id. at 171, not by referencing "minor technical problems," see State v. Broom-Smith, 406 N.J. Super. 228, 240 (App. Div. 2009), but by "mak[ing] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," Franks, 438 U.S. at 155-56. Defendant's argument is not that something in the affidavit is false to the degree

described in <u>Franks</u> but that the affidavit left out other information he believes relevant.

That is, defendant did not argue to the trial court that the facts recounted in the issuing affidavit – standing alone – were subject to challenge, only that the affiant omitted facts about the lost-weapon investigation. He claimed, in essence, a right to challenge the affiant's credibility through the elucidation of those things the affiant left out of the affidavit. We agree this argument was insubstantial and that defendant failed to adequately explain or support his contention that facts about the lost-weapon investigation would undermine those facts included in the warrant affidavit.

We find no merit in defendant's argument and affirm substantially for the reasons contained in Judge Michael A. Toto's thoughtful and comprehensive written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3                                                                    A-4964-16T4