**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3203-17T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

REGGIE T. HUGGINS,
a/k/a NASHEED HENTON,
REGGIE HIGGINS, and
JAMAL MUHAMMAD,

      Defendant-Appellant.

_____

Submitted December 18, 2019 – Decided  December 26, 2019

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 14-08-1998.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah C. Hunt, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Reggie T. Huggins appeals from the October 14, 2016 denial of his request for a hearing consistent with <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), and the January 12, 2017 denial of his suppression motion. We affirm both rulings, substantially for the reasons outlined by Judge James M. Blaney in his thoughtful and thorough opinions. We add only a few additional comments to lend context to the instant appeal.

In the fall of 2013, the police requested and obtained a warrant to search defendant's vehicle and his home in Toms River. In defendant's home, they found approximately 1250 wax folds of heroin, 2 bottles containing suspected methadone, a digital scale, approximately $12,958 from a safe, a silver Cobra Arms .38-caliber handgun with a defaced serial number, a box of Winchester .38-caliber automatic ammunition, a women's sweatshirt containing 31 folds of heroin, and 11 wax folds.

Prior to resolving his case, defendant argued that the affidavit leading to the issuance of the search warrant contained false and misleading statements. Accordingly, he claimed he was entitled to a <u>Franks</u> hearing, and that probable cause did not exist for the issuance of the search warrant. Judge Blaney rejected these arguments. Thereafter, defendant pled guilty to second-degree possession

2

with intent to distribute heroin, and second-degree possession of a firearm by a certain person not to have weapons. N.J.S.A. 2C:35-5(b)(2); N.J.S.A. 2C:39-7(a).

On appeal, defendant raises the following arguments:

POINT I

> IT WAS ERROR FOR THE COURT TO DENY DEFENDANT'S REQUEST FOR A FRANKS HEARING CONCERNING THE SEARCH WARRANT ISSUED FOR THE PREMISES.

POINT II

> BECAUSE THERE WAS INSUFFICIENT SHOWING OF PROBABLE CAUSE TO SUPPORT THE ISSUANCE OF THE SEARCH WARRANT, THE DEFENDANT'S MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED.

As to Point I, we review the trial court's decision regarding the need for an evidentiary hearing for an abuse of discretion. State v. Broom-Smith, 406 N.J. Super. 228, 239 (App. Div. 2009). We discern none here.

A defendant challenging the veracity of a search warrant affidavit is entitled to a Franks hearing only if the defendant makes "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

3                                                                    A-3203-17T2

affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ."  Franks, 438 U.S. at 155-56.

In making a "substantial preliminary showing," a defendant "must allege 'deliberate falsehood or reckless disregard for the truth,' pointing out with specificity the portions of the warrant that are claimed to be untrue."  State v. Howery, 80 N.J. 563, 567 (1979).  These allegations should be supported by affidavits or other reliable statements; "[a]llegations of negligence or innocent mistake are insufficient."  Broom-Smith, 406 N.J. Super. at 240-41 (quoting Franks, 438 U.S. at 171).  A defendant must show that absent the alleged false statements, the search warrant lacks sufficient facts to establish probable cause.  Howery, 80 N.J. at 568.  Further, the allegations "must be proved by a preponderance of the evidence."  Ibid.  Finally, if there remains sufficient content in the warrant application to support a finding of probable cause when the allegedly false material is set aside, a Franks hearing is not required.  Franks, 438 U.S. at 171-72.

Here, defendant alleged the search warrant affiant falsely claimed the reliability of a confidential informant (C.I.) who had worked with police was set forth in the affidavit.  Defendant also insisted the affiant falsely stated money given to the C.I. for a controlled buy was "previously recorded."  Judge Blaney

4

carefully considered these allegations and directed the State to provide additional documents to the court for an in camera review. The documents inspected by the judge included: a United States Currency Seizure Report showing that $12,958 was recovered during the search, from which one $100 bill was returned to a local police department's confidential funds; a Confidential Fund Purchase Report, detailing the funds provided to the police; proof that the Toms River and Brick Township police departments provided surveillance over a controlled buy between the C.I. and defendant, after defendant became the target of an investigation; a photograph of the funds provided during the controlled buy; and a photograph of two pages of the Brick Township Police Department Drug Ledger, showing the confidential funds being withdrawn for use and $100 being placed back into the account after the execution of the search warrant.

After reviewing these documents, Judge Blaney concluded in his nine-page October 14, 2016 written opinion:

> [b]ased on a review of the briefs, arguments, the [a]ffidavit and search warrant, as well as the additional documents submitted by the prosecutor, the [c]ourt finds no basis for the defense's claim that the State engaged in making any false statements in the [a]ffidavit provided to [the search warrant judge.]

The judge added, the "prosecution in this case felt compelled to not provide certain documents [to defendant] for fear . . . [he] would be able to determine the identity of the confidential informant. The documents that have been provided to the [c]ourt to review in camera explain those alleged omissions." The judge's opinion also referenced the affiant's extensive training and experience, the affiant's contact with a concerned citizen who advised him defendant was distributing illicit drugs from his home, and the steps taken to coordinate a controlled buy between defendant and the C.I. Judge Blaney noted that the affiant confirmed the C.I. exchanged recorded funds of one hundred dollars for a quantity of heroin, and a subsequent field test showed the substance tested positive for heroin. After his extensive review of the factual and procedural history of this matter, Judge Blaney concluded defendant failed to prove the State made false statements in the search warrant affidavit to obtain the search warrant.

Based on our deferential standard of review, we are satisfied Judge Blaney properly found defendant failed to satisfy the "substantial preliminary showing" requirement. Accordingly, a <u>Franks</u> hearing was unnecessary.

6

In Point II, defendant argues the trial judge erred in finding probable cause existed for the issuance of the search warrant and mistakenly denied his motion to suppress.  We disagree.

Ordinarily, we "must uphold a trial court's factual findings at a motion-to-suppress hearing when they are supported by sufficient credible evidence in the record."  State v. Hathaway, 222 N.J. 453, 467 (2015) (citing State v. Elders, 192 N.J. 224, 244 (2007)). We owe no such deference, however, to the court's interpretation of the law. Ibid. Whether a search warrant was supported by adequate probable cause is a question of law, which we review de novo. See State v. Handy, 206 N.J. 39, 44-45 (2011).

"Probable cause is a flexible, nontechnical concept" requiring the balancing of "the governmental need for enforcement of the criminal law against the citizens' constitutionally protected right of privacy."  State v. Kasabucki, 52 N.J. 110, 116 (1968).  Generally, probable cause is understood to mean "less than legal evidence necessary to convict though more than mere naked suspicion."  State v. Sullivan, 169 N.J. 204, 210-11 (2001) (citation omitted). "When determining whether probable cause exists, courts must consider the totality of the circumstances, and they must deal with probabilities." Schneider

A-3203-17T2

v. Simonini, 163 N.J. 336, 361 (2000), cert. denied, 531 U.S. 1146 (2001) (citing Illinois v. Gates, 462 U.S. 213, 230, 238 (1983)).

Information related by informants may constitute a basis for probable cause, provided that a substantial basis for crediting that information is presented. Sullivan, 169 N.J. at 212; State v. Smith, 155 N.J. 83, 92, cert. denied, 525 U.S. 1033 (1998). "When examining an informant's tip . . . the issuing court must consider the 'veracity and basis of knowledge' of the informant as part of its 'totality' analysis." State v. Jones, 179 N.J. 377, 389 (2004) (quoting State v. Novembrino, 105 N.J. 95, 123 (1987)). If there is a deficiency in one of those factors, it may be compensated for by a "strong showing as to the other, or by some other indicia of reliability." State v. Zutic, 155 N.J. 103, 111 (1998). Even "if the informant's tip fails to demonstrate sufficient veracity or basis of knowledge, a search warrant issued on the basis of the tip may still pass muster if other facts included in a supporting [police] affidavit justify a finding of probable cause." Jones, 179 N.J. at 390 (alteration in original).

"[R]elevant corroborating facts may include a controlled drug buy performed on the basis of the tip, positive test results of the drugs obtained . . . the suspect's criminal history, and the experience of the officer who submitted

8

the supporting affidavit." Id. at 390-91. While no one corroborating fact conclusively establishes probable cause, a successful controlled buy "'typically will be persuasive evidence in establishing probable cause.'" State v. Keyes, 184 N.J. 541, 556 (2005) (quoting Jones, 179 N.J. at 390) (citation omitted). Moreover, if the police have conducted a successful controlled buy, our Supreme Court has found "even one additional circumstance might suffice, in the totality of the circumstances, to demonstrate probable cause." Jones, 179 N.J. at 390.

Here, Judge Blaney set forth a number of facts which established probable cause, including the C.I. positively identifying defendant as someone who was distributing heroin, the use of the C.I. to conduct a controlled buy while under police surveillance, and the field test results of the heroin purchased during the controlled buy.

"[A] search executed pursuant to a warrant is presumed to be valid and [] a defendant challenging its validity has the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.'" Jones, 179 N.J. 377, 388 (2004) (quoting State v. Valencia, 93 N.J. 126, 133 (1983)). "[Appellate courts] accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant." State v. Marshall, 123 N.J. 1, 72 (1991) superseded by statute

on other grounds, comment 7 on N.J.S.A. 2C:11-3 (2007). If there is doubt as to the validity of the warrant, such doubt should "ordinarily be resolved by sustaining the search." Kasabucki, 52 N.J. at 116.

There is ample support for Judge Blaney finding probable cause existed for the issuance of the search warrant and that defendant failed to satisfy his burden in proving the search warrant was improvidently issued. Accordingly, there is no basis to disturb Judge Blaney's denial of defendant's motion to suppress.

Defendant's remaining arguments lack sufficient merit for discussion in this opinion. Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3203-17T2