**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4669-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN VEGA, a/k/a JOHN
GOMEZ, and HECTOR
VARGAS,

    Defendant-Appellant.

_____

Submitted December 5, 2019 – Decided February 4, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 15-12-1287, 16-09-0717 and 17-06-0335.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Vega appeals his April 10, 2018 judgments of conviction. He alleges the trial court erred by denying his request for an evidentiary hearing on his claim that the search warrants were based on materially false information and did not establish probable cause. He also alleges the finding that he violated probation should be dismissed because it was based on unreliable hearsay. We affirm the judgments of conviction.

I.

Defendant pleaded guilty in 2016 to fourth-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(a), under indictment 15-12-1287, and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), under indictment 16-09-0717. He was sentenced to two years of non-custodial probation.

Within six months, defendant was indicted on eleven new charges—including possession of controlled dangerous substances, unlawful possession of firearms and certain persons not to possess weapons. He pleaded not guilty to these charges brought under indictment number 17-06-0335.

The State charged defendant with violation of probation (VOP) for his alleged failure to comply with the conditions of probation imposed when he was previously sentenced. At the VOP hearing, his first probation officer testified

that defendant did not complete the intake process. When she started to "review the standard conditions of probation" with him, he let her know he wanted to go to trial. She sent him back to the courtroom "to speak to whoever he needed to speak to," but he never returned. She left a phone message and she sent computer notices to him to report on two separate dates, but "he did not do that." No one was home when she attempted a home visit, and she left a notice advising him of another date to report. There was no reply. The case was reassigned to another probation officer. That officer testified from her review of probation's record system that defendant was non-compliant.

The court found defendant was aware of the terms and conditions of his probation because it advised him about them "at both his plea hearing and . . . sentencing hearing." It found the initial probation officer's testimony "to be quite credible." Based on her "testimony alone" the court concluded defendant "violated the terms and conditions of his probationary sentence."

Defendant filed a motion for a <u>Franks</u>[1] hearing, claiming the affidavits that supported the two search warrants and arrest warrant for indictment 17-06-0335 were legally insufficient. He alleged the confidential informant (CI)

---

[1] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

misidentified defendant because the height and weight in the affidavits was different from defendant's actual physical size.[2]  Although the police had a photograph of defendant, it was not shown to the CI.

The detective's affidavit in support of the search warrants stated that a CI identified defendant as a source of heroin and cocaine in Trenton.  Defendant made sales from a specific address in the city.  The detective used the CI to make two controlled purchases of narcotics at that premises and described the procedures that were followed.  The affidavit gave a physical description of defendant, identifying him as five feet ten inches tall and weighing between 160 and 180 pounds although defendant is six feet tall and weighs 220 pounds.  A search of the premises yielded heroin and marijuana, drug paraphernalia and two handguns.  Defendant was not present.  Utility bills showed another address for defendant.  A second search warrant was issued for that address.  The detective smelled marijuana emanating from the residence when he arrived.  Defendant was arrested.  The police seized drugs and a sawed-off shotgun.  This provided the basis for the charges in indictment 17-06-0335.

---

[2]  In his reply brief on appeal, defendant added the argument that the CI did not use defendant's first name, only his surname.  Defendant made the same argument before the trial court.

A-4669-17T4

The court denied defendant's request for a <u>Franks</u> hearing. It found defendant had not shown the affidavit was "procured by way of a willfully false statement or one made in reckless disregard for the truth." The variation in height and weight was not "a flagrant deviation from . . . [d]efendant's proper height and weight" because "[p]eople estimate height and weight differently." The court found defendant's arguments against probable cause were "conclusory" and not supported by any affidavits or certifications. The detective observed defendant open the door and initiate the drug exchange. This also supported a finding of probable cause. Because the utility bills for the second residence were in defendant's name, there was probable cause he was at that address. When the officers went there, their "plain smell and plain view observations" supported the finding of probable cause for issuance of the warrant.

In February 2018, defendant pleaded guilty under indictment 17-06-0335 to third-degree possession of a prohibited weapon, a sawed-off shotgun, N.J.S.A. 2C:39-3(b). He was sentenced on that charge to a three-and-one-half year term of imprisonment with the same length of parole ineligibility. He also was sentenced to terms of eighteen months on each of the VOPs. Although the

5

VOP terms were consecutive to each other, they were consecutive to his conviction under indictment 17-06-0335.

On appeal, defendant raises these issues for our consideration:

POINT I

THE DEFENDANT'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 7 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED.

A. The Defendant is Entitled to a Franks Hearing Because the Affidavits in Support of the Search Warrants Contained Materially False Information the Officer Knew or Should Have Known was False.

B. The Affidavits Do Not Establish Probable Cause.

POINT II

THE VIOLATION OF PROBATION SHOULD BE DISMISSED BECAUSE THE STATE'S PROFFER OF UNRELIABLE HEARSAY EVIDENCE WAS INSUFFICIENT PROOF OF A VIOLATION.

II.

Defendant alleges the trial court erred by not granting his request for an evidentiary hearing under Franks because he claims there was a material misstatement of fact about his height and weight in the affidavits supporting the

search warrants. He alleges—without a supporting affidavit or certification—the police either knew the CI was mistaken or recklessly disregarded this as evidenced by the fact the police did not show defendant's photograph to the CI.

The decision whether to grant an evidentiary hearing in a suppression motion is reviewed for abuse of discretion. State v. Broom-Smith, 406 N.J. Super. 228, 239 (App. Div. 2009). A Franks hearing "is aimed at [search] warrants obtained through intentional wrongdoing by law enforcement agents and requires a substantial preliminary showing[.]" Id. at 240. A hearing is required only where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause[.]" Franks, 438 U.S. at 155-56. The defendant "must allege 'deliberate falsehood or reckless disregard for the truth,' pointing out with specificity the portions of the warrant that are claimed to be untrue." State v. Howery, 80 N.J. 563, 567 (1979) (quoting Franks, 438 U.S. at 171). A misstatement is material if, when excised, the warrant affidavit "no longer contains facts sufficient to establish probable cause" in its absence. Howery, 80 N.J. at 568 (citing Franks, 438 U.S. at 171). If there still would be probable cause without this misinformation, however, the

A-4669-17T4

warrant is valid and an evidentiary hearing is not needed. See State v. Sheehan, 217 N.J. Super. 20, 25 (App. Div. 1987).

We agree with the trial court that defendant did not satisfy this standard. There was no showing the affidavit by the detective contained deliberate falsehoods or statements made in reckless disregard of the truth. There was some underestimation in defendant's height and weight, but there was other information identifying defendant, such as his prior criminal record, ethnicity, date of birth, driver's license and name. Surveillance units saw defendant open the door to the CI and initiate the drug transaction. There is no information that the photograph of defendant would have established his height and weight. The facts did not rise to the proofs required for a Franks hearing.

Defendant argues there was no independent corroboration of the CI's reliability. Without this, he claims the warrants lacked probable cause.

"A search that is executed pursuant to a warrant is 'presumptively valid,' and a defendant challenging the issuance of that warrant has the burden of proof to establish a lack of probable cause 'or that the search was otherwise unreasonable.'" State v. Boone, 232 N.J. 417, 427 (2017) (quoting State v. Watts, 223 N.J. 503, 513-14 (2015)). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had

reasonably trustworthy information [are] sufficient . . . to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." State v. Marshall, 199 N.J. 602, 610 (2009) (alteration in original) (quoting State v. O'Neal, 190 N.J. 601, 612 (2007)).

"An informant's 'veracity' and 'basis of knowledge' are two highly relevant factors under the totality of the circumstances" in evaluating the reliability of a confidential informant. State v. Zutic, 155 N.J. 103, 110 (1998) (quoting State v. Smith, 155 N.J. 83, 93 (1998)). "The veracity factor may be satisfied by demonstrating that the informant has proven reliable in the past, such as providing dependable information in previous police investigations." State v. Keyes, 184 N.J. 541, 555 (2005) (quoting State v. Sullivan, 169 N.J. 204, 213 (2001)). The knowledge factor may be satisfied if the informant provides sufficient details in the tip. Id. at 555-56 (citing Smith, 155 N.J. at 94). Other corroboration could include a controlled drug buy performed based on the tip. State v. Jones, 179 N.J. 377, 390 (2004).

We are satisfied the court did not err in denying defendant's motion to suppress. The affidavit detailed the detective's training and experience. It satisfied the veracity factor because it included that the informant had previously provided reliable information leading to arrests and the seizure of controlled

A-4669-17T4

dangerous substances and firearms. The knowledge factor was satisfied by the details of the tip. In addition, the detective observed defendant open the door to initiate the two controlled buys made by the informant. Evidence at one location led to the second warrant where defendant was located.

Defendant argues the court erred in finding a violation of probation because it was based on hearsay testimony rather than personal knowledge testimony. This argument is not supported by the record.

Our Supreme Court recently addressed the use of hearsay testimony at probation violation hearings. In State v. Mosley, 232 N.J. 169, 187 (2018), the Court held that "hearsay generally is admissible in VOP hearings. The devil is in the detail of avoiding trenching on the due process confrontation rights of a defendant." The Court delineated the factors trial courts are to use in determining whether the proofs are sufficiently reliable. Mosley was decided shortly after the hearings at issue here. Id. at 169. However, even prior to that, it was clear that hearsay could be used if it was reliable. See State v. Reyes, 207 N.J. Super. 126, 139 (App. Div. 1986) (superseded on other grounds by statute).

The record does not support defendant's argument that the court's decision was based on unreliable hearsay. The court found credible the testimony of defendant's initial probation officer. She testified based on first-hand

knowledge of defendant's failure to comply with the conditions of his probation. The court made its findings based on that probation officer's testimony "alone." Defendant's alleged constitutional violation is a red herring. Neither <u>Reyes</u> nor <u>Mosley</u> are implicated here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-4669-17T4